[No. B106212. Second Dist., Div. Six. Sept. 8, 1997.]

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 620 et al.,
Plaintiffs and Appellants, v.
CITY OF SANTA BARBARA et al., Defendants and Respondents.

**COUNSEL**

Geffner & Bush, Ira L. Gottlieb and Olga Rodriguez for Plaintiffs and Appellants.

Liebert, Cassidy & Frierson, Melanie M. Poturica and Edward P. Zappia for Defendants and Respondents.

## OPINION

**GILBERT, J.**—An agency shop is created by election. Here we hold that Government Code section 3502.5, subdivision (b)[1] allows one election to rescind the agency shop during the term of the memorandum of understanding (MOU).

Appellant, Service Employees International Union, Local 620 et al. (the union), represents employees of the general employees unit, who work for respondents, the City of Santa Barbara et al. (City).[2] The employees voted for an agency shop. Shortly thereafter, the employees petitioned for an election on whether to rescind the agency shop.

The union petitioned the trial court for writ of mandate or injunction to preclude the rescission election. The union argued that the Meyers-Milias-Brown Act (MMBA) prohibits the rescission election despite provisions in the MOU which provide for it. (MMBA; §§ 3500 et seq., 3510, especially 3502.5, subd. (b); MOU, § 59, subd. (j), *post.*) The trial court denied the petition.

We issued a writ of supersedeas staying the trial court's ruling pending our resolution of this appeal. (See *Glendale City Employees' Assn., Inc.* v. *City of Glendale* (1975) 15 Cal.3d 328 [124 Cal.Rptr. 513, 540 P.2d 609]; *International Brotherhood of Electrical Workers* v. *City of Gridley* (1983) 34 Cal.3d 191 [193 Cal.Rptr. 518, 666 P.2d 960]; *Los Angeles County Civil Service Com.* v. *Superior Court* (1978) 23 Cal.3d 55 [151 Cal.Rptr. 547, 588 P.2d 249].) Because the MMBA permits the rescission election, we affirm the ruling of the trial court, dissolve the stay and direct the court to permit the City to hold the election.

### FACTS

The union and the City are parties to the MOU covering the general employees unit between October 1, 1994, and September 30, 1997. In the fall of 1995, employees in the unit voted to approve a mandatory agency fee for representation by the union as an agency shop. A month later, over 30 percent of the employees of the unit petitioned to hold an election to rescind the mandatory agency shop and fee. The City stated it would hold the rescission election in October 1996 pursuant to the MOU.

---

[1] All statutory references are to this code unless otherwise stated.

[2] The other respondents are the City Council of Santa Barbara, Sandra E. Tripp-Jones, the city administrator, and Joan Kent, the administrative services director for the City. The other appellants, Walter Hamilton, Maya Shone and Ralph Schoenman, are suing as taxpayers.

The union filed suit seeking writ of mandate or injunction to prohibit the rescission election. The union relied on section 3502.5, subdivisions (a) and (b), arguing that the proposed rescission election would constitute an impermissible second election on agency shop during the term of the MOU.

Section 3502.5, subdivision (a) provides, in pertinent part, that "Notwithstanding Section 3502, or any other provision . . . an agency shop agreement may be negotiated between a public agency and a recognized public employee organization . . . ." Section 3502.5, subdivision (b) provides, in pertinent part, that "An agency shop provision in a memorandum of understanding which is in effect may be rescinded by a majority vote of all the employees in the unit covered by such memorandum of understanding, provided that: (1) a request for such a vote is supported by a petition containing the signatures of a least 30 percent of the employees in the unit; (2) such vote is by secret ballot; (3) such vote may be taken at anytime during the term of such memorandum of understanding, but in no event shall there be more than one vote taken during such term. Notwithstanding the above, the public agency and the recognized employee organization may negotiate, and by mutual agreement provide for, an alternative procedure . . . regarding a vote on an agency shop agreement."

Section 59, subdivision (a) of the MOU states, in pertinent part, that "One Agency Shop election . . . may be conducted during the term of this Agreement . . . ." Section 59, subdivision (j) states, in pertinent part, that "The Agency Shop provision may be rescinded pursuant to the procedures contained in . . . 3502.5(b)."

On October 11, 1996, the trial court denied the union's petition, stating that the plain meaning of section 59, subdivision (j) of the MOU permits the rescission election. We issued a writ of supersedeas on December 17, 1996. This appeal followed.

### DISCUSSION

■ We interpret statutes and ordinances independently by ascertaining the intent of the Legislature as shown by the plain, commonsense meaning of the words used in the legislation read as a whole. (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632-634 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) ■ We review the denial of the request for mandate or injunction according to the abuse of discretion standard. (*Salazar v. Eastin* (1995) 9 Cal.4th 836, 849-850 [39 Cal.Rptr.2d 21, 890 P.2d 43].)

The primary purpose of the MMBA is "to promote full communication . . . between public employers and public employee organizations."

(§§ 3500; 3510.) Nothing in the MMBA ". . . shall be deemed to supersede the provisions of existing state law and the charters, ordinances, and rules of local public agencies . . . for . . . administering employer-employee relations nor is it intended that this chapter be binding upon those public agencies which provide procedures for the administration of employer-employee relations in accordance with the provisions of this chapter." (§ 3500.) The MMBA gives local agencies plenary power over such matters through their ordinances and rules.

■ The union contends that the MMBA permits only one election of any kind regarding agency shop during each term of an MOU—the agency shop election which took place in 1995. We disagree.

Section 3502.5, subdivision (a) does not presuppose, as the union suggests, that the agency shop arrangement is always negotiated. Section 3502.5, subdivision (a) states, in pertinent part, that "Notwithstanding Section 3502, or any other provision of this chapter, or any other law, . . . an agency shop agreement *may be negotiated . . . .*" Negotiation is an alternative to employee election of the shop. (§ 3502.5, subd. (a), italics added.) Section 3502.5, subdivision (a) does not mean that if the agency shop is created by election it may not be rescinded by a subsequent rescission election within the same term of the MOU.

Section 3502.5, subdivision (b) specifically provides for rescission elections. It states that if an agency shop is in effect, one election to rescind the shop is permitted per term of the MOU upon request supported by petition of 30 percent of the employees. Subdivision (b) also states that an agency and its recognized employee organization may negotiate for an alternative procedure regarding a vote on an agency shop agreement.

Here, the agency shop was created by an election. A rescission election, however, is permitted by the MMBA regardless of whether the agency shop had been created by negotiation or election. A rescission election is not a second agency shop election under section 59 of the MOU.

Section 59, subdivision (a) of the MOU expressly permits one agency shop election per MOU term, and section 59, subdivision (j) of the MOU expressly permits one rescission election per term pursuant to the procedures set forth in section 3502.5, subdivision (b). This makes sense and is reasonable. Employees may decide they are unhappy with the agency shop or its mandatory fees after they elect to implement it. The MMBA provides one opportunity to rescind agency shop during an MOU term while the shop is in effect. Section 3502.5, subdivision (b) prohibits more than one rescission election during one term of the MOU.

Repetitive rescission elections may be disruptive to the workplace. Stability, peace and majority rule are preserved by the instant legislative scheme permitting one rescission election during each three-year MOU period.

The parties conducted a section 59, subdivision (a) agency election in the fall of 1995. Pursuant to section 59, subdivision (j) of the MOU, over 30 percent of the unit employees petitioned for the rescission election at issue during the period of the instant three-year MOU. The MMBA and the MOU expressly authorize the rescission election requested.

The union urges us to overlay disparate National Labor Relations Act (NLRA) provisions. The NLRA expressly provides for a one-year hiatus between elections *to authorize or deauthorize a union.* The MMBA permits one rescission election *of agency shop* anytime within each three-year MOU period in which agency shop exists. (§ 3502.5, subd. (b); cf. *Asamera Oil, Inc.* (1980) 251 NLRB 684 [precluding deauthorization election after union authorization election per the express provisions of NLRA limiting such elections to one per twelve-month period]; *King Electrical Manufacturing Company* (1977) 229 NLRB 615; and see 29 U.S.C. § 159(e)(1) & (2).) We are not at liberty to rewrite the instant legislation which expressly permits one rescission election regarding agency shop per MOU term. (*California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist., supra,* 14 Cal.4th at p. 633.)

The ruling of the trial court is affirmed. The stay is dissolved. The parties are to bear their own costs.

Stone (S. J.), P. J., and Coffee, J., concurred.

A petition for a rehearing was denied October 7, 1997, and the opinion was modified to read as printed above.